## FRANK TILTON, RELATOR, v. COURT OF COMMON PLEAS OF THE COUNTY OF OCEAN ET AL., RESPONDENTS.

Argued January 7, 1915—Decided January 14, 1915.

The supplement of 1913, *p.* 574, relating to new licenses to sell intoxicating liquors in municipalities where there is less than one licensed place to each five hundred of the population, leaves wholly to the discretion of the licensing body the determination, in the first instance, of the question whether in localities where the statutory conditions are met, there should be any further places licensed.

On rule to show cause why *mandamus* should not issue.

Before Justices SWAYZE, PARKER and KALISCH.

For the relator, *Thomas F. A. Griffin.*

For the respondent, *Wilfred B. Wolcott.*

The opinion of the court was delivered by

PARKER, J. The application is based on the supplement of 1913 (*Pamph. L., p.* 574) to the Werts act of 1889 (*Comp. Stat., p.* 2903; *Pamph. L., p.* 77), relating to issue of new licenses by the licensing body when it appears that in any municipality the ratio of existing licenses to population is less than one to five hundred.

The relator's position is that in such a situation it is the duty of the licensing body (in this case the Court of Common Pleas) to advertise for bids in the manner designated in the statute, and after receiving the bids, decide whether any of the bidders is a fit person to license and his place a proper one, and if so to award a license to the bidder, otherwise satisfactory, whose bid is the highest; or, if it be entitled to consider that no new place is called for, it must postpone decision of that point until the bids have been ad-

vertised for and submitted; in short, that the provision to advertise for bids in the situation described in the statute is mandatory and without regard to whether the court in its discretion considers that there are sufficient licensed places already. The answer to this is found in the first paragraph of section 1 of the supplement in question, found near the middle of page 576. After beginning with the rule that no (new) licenses should be granted unless or until the ratio exceeds five hundred to one and then only pursuant to the provisions of the act, it goes on to say: "Whenever the ratio between the population of any city, town, township, borough or village, and the number of licensed premises situate therein for such sale of said liquors shall exceed the ratio of five hundred to one, additional licenses for sale of such liquors therein in quantities less than one quart may be issued, at the discretion of the licensing authority, but only in the manner following."

This ends the paragraph; and the next paragraph is entirely distinct and lays down the procedure.

We are unable to see that the legislature could have made it any more plain that the question whether new licenses can be granted depends on the ratio of existing licenses to population; and that the question whether they should in such case be granted, was committed to the discretion of the licensing body.

The Court of Common Pleas evidently considered that no new licenses were called for, and so declined to go to the expense of advertising. We think it was entirely within its discretion, and the rule to show cause is therefore discharged, with costs.